# EXHIBIT A

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### for the
### Southern District of New York

| | |
|---|---|
| NAOMI DAVIES<br><br>*Plaintiff*<br><br>v.<br><br>The New York City Department of Education<br>Sara Scrogin, as principal and individually<br><br>*Defendant* | ) ) ) ) ) ) ) ) ) Civil Action No. |

**For McMahon**

**10 CIV 5981**

2010-034196

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)* New York City Department of Education 52 Chambers Street, NYC 10007
Sara Scrogin Principal 1716 Southern Boulevard, Bronx, N.Y. 10466

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Edward H. Wolf Wolf & Wolf LLP 910 Grand Concourse 1F, Bronx, N.Y. 10451
718-410-0653

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

RUBY J. KRAJICK

CLERK OF COURT

Date: 07/09/2010

*Signature of Clerk or Deputy Clerk*

*Judge McMahon*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

10 CV 5981

------------------------------------X  Case No. 10 CV 5981

NAOMI DAVIES,                           COMPLAINT

                Plaintiff,     JURY TRIAL
-against-                               DEMANDED

NEW YORK CITY DEPARTMENT
OF EDUCATION, SARAH SCROGINS,
Personally, and as Principal of the
East Bronx Academy for the Future,

                Defendant.
------------------------------------X

Plaintiff, Naomi Davies, by her attorneys, Wolf & Wolf, LLP, as and for her complaint against the defendants, respectfully shows the Court and alleges as follows:

RECEIVED AUG 09 2010 U.S.D.C. S.D. N.Y. CASHIERS

## NATURE OF THE ACTION

1. This is an action, for retaliation under the under the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2614, for damages caused by defendant's retaliation when plaintiff was required to take a leave from employment to recover from an assault perpetrated against her in the school where she taught, the East Bronx Academy for the Future, located at 1716 Southern Boulevard, Bronx, N.Y. 10460.

1

2. Immediately upon her return she was, for the first time in 20 years of service, unjustly rated as unsatisfactory for two straight years and charged with incompetence.

## JURISDICTION AND VENUE

3. The jurisdiction of this Court over this controversy is invoked pursuant to 29 U.S.C. § 2617 and 28 U.S.C. § 1331.

4. The unlawful employment practices described herein were committed within the State of New York, in defendant's offices and school building in New York, New York. Accordingly, venue in this Court is proper pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5. Plaintiff Naomi Davies is a female citizen of the United States and a resident of the State of New York. Plaintiff was and is employed as tenured teacher for the defendant Department of Education assigned to the East Bronx Academy for the Future located at 1716 Southern Blvd, Bronx, New York.

6. Plaintiff was an "employee" of defendant within the meaning of 29 U.S.C. § 2611(2)(A) at the time she requested of defendant a leave of absence from employment.

7. Defendant Department of Education is an agency of the City of New York, organized under and by virtue of the laws of the State of New York for the purpose of educating the children attending public school in the City of New York, with principal offices located at 52 Chambers Street, New York, New York 10007.

8. Plaintiff was the "employer" of plaintiff within the meaning of 29 U.S.C. § 2611(4)(A) at all times relevant to this action.

## FACTS UNDERLYING PLAINTIFF'S COMPLAINT

9. Prior to the events at issue herein, and for more than 20 years, the plaintiff had successfully performed as a tenured teacher for the Department of Education, without so much as a single letter in her file and receiving satisfactory ratings each year.

10. On or about September 2007, Plaintiff was attacked and injured by a child at the East Bronx Academy for the Future at the address aforesaid. Thereafter, in addition to the injury, the Plaintiff suffered severe anxiety and as a result was unable to return to school.

11. At that time, Plaintiff had logged more than 1250 hours for the defendant Department of Education.

12. As a result of the injuries suffered by plaintiff, plaintiff requested and was approved for 12 weeks of leave, commencing October 27, 2007 to January 23, 2008.

13. Plaintiff was entitled to take said leave because her condition and subsequent medical treatment was a "serious health condition" within the meaning of 29 U.S.C. § 2611(11), as she suffered from an illness, injury, impairment, or physical condition that involved continuing treatment by a health care provider. The leave was in fact granted. Yet defendant Scrogin warned her that the absence could lead to her terminatin.

14. Upon Plaintiff's return to work on or about January 23, 2008, she was assigned as a substitute teacher and given all of the disruptive children.

15. In addition, Plaintiff was observed more frequently (from no more than twice a year for the past twenty years, to 24 times in one year) and her performance as a teacher was found to be unsatisfactory for the first time in her career as a teacher.

16. No prompt, tailored plan of remediation was provided, observation reports were delayed, and plaintiff was blamed for the disruptive

children even though she complained to defendant Scrogin, and defendant failed to discipline or rectify the situation, and, in fact, empowered the children to be more unruly as there were no consequences to their conduct.

17. (a) Defendant also failed and refused to comply with Regulations of the State Commissioner of Education, more specifically, Section 100.2(o)(4), which mandates a Teacher Improvement Plan "to be developed by the District in consultation with the teacher." This was not done.

(b) The defendant Scrogin failed to follow the interventions required by the Code of Student Conduct, Defendant Scrogin ignore and failed to refuse to invoke it.

(c) The defendants violated Article Nine of the Collective Bargaining Agreement (CBA) related to special behavior problems and the methods incorporated in Appendix B of the agreement that require the principal in consultation with the teacher and school professionals to develop a behavior plan. Defendant Scrogin ignore and failed to refuse to invoke it.

18. Notwithstanding the illegal and improper actions and insincere, incomplete, and pretended remediation described aforesaid, plaintiff's end of year observation was unsatisfactory.

19. Defendant continued the aforesaid illegal and improper acts and insincere remediation and continued it into the next academic year, 2008-2009. In fact, defendant's conduct intensified.

20. From her return from leave on January 23, 2008, and until the present, the defendant, through its officials, agents and/or employees, including plaintiff's supervisor Principal Sarah Scrogin, has been continuously subjecting the Plaintiff to unwarranted discipline, criticism, threats, and humiliation in the presence of other staff members. In addition, Plaintiff has been subjected to threats, physical and sexual violence and verbal abuse by her students, which have been encouraged by the defendant's lack of corrective action.

21. More specifically, Plaintiff was subjected to the following:

(1) January 2008 Retaliation for FMLA leave began instantly upon Davies' return. Upon her return to work on January 23rd, in violation of FMLA, Davies is told by Scrogin that she would be "subbing" as there was no position for her. She meets with Scrogin and is only offered a position as a substitute teacher and paid only for only two-thirds of her teaching time. She is also told to teach Second Session, which is to be composed of students who were difficult and were doing poorly in school. Davies was assigned to Second Session Class in the cafeteria.

(2) On one occasion, a student throws a huge cardboard box at Davies from about 30 feet away, which nearly hits her, which act was substantiated by another student. Davies reports the incident to school safety with no action being taken by school administration.

(3) During the semester, Scrogin observes the Second Session class and gives Davies an "unsatisfactory." Davies had never before received an

6

unsatisfactory during the twenty years that she taught in New York City schools.

(4) Davies receives an unsatisfactory rating for the 2007-2008 academic year. Every item of her performance is checked on the front of the Annual Performance Review to be unsatisfactory.

(5) September 2008 Davies returns for the 2008-2009 academic year to the school "subbing", as well as teaching two drama classes. She is given a newly formed class, which she later found out was composed of students with a history of disciplinary issues.

(6) November 2008 Davies' 1st period class is assigned to be held in what used to be the girls' locker room.

(7) November 2008 Davies made to suffer from student harassment and not backed by school administration. Davies is subjected to student misconduct despite complaints to school administration. Examples of student misconduct which she was made to suffer after already being assaulted are:
(a) "She likes riding my penis" (b) "I choked the shit out of my 5th grade teacher" (c) "Fuck out of here" (d) "I can sit right here and my dick will touch the table" (e) "I care about my nuts"

(8.) November 17, 2008 in a drama class, a student touches Davies' breasts deliberately.

(9.) Sarah Scrogin purportedly investigates this incident, but takes no action against the student.

(10) November 18th 2008 a student falsely reports that Davies pushed a chair on her foot and closed the door on another student.

(11) Scrogin chastises Davies and places Davies at fault, telling her that "It is advised not to close the door on students and please refrain from touching students in any manner." No proof was provided, and there were no witness reports to substantiate these alleged acts.

(12) November 19, 2008 in one of the drama classes, Davies is intimidated by a student who tells her, "I hope you die."

(13) November 21. 2008 In her first period ELA class, student calls Davies the "n" word and tells her "I eat pieces of shit like you for breakfast."

(14) November 24, 2008 a student makes anti-Semitic remarks to Davies, which is corroborated by another staff member. Some of the comments were: "I saw a movie of a Jewish kid being shot in the head, it was hilarious;" "I'm going to take you to a Nazi convention;" "Tell me about the Holocaust." He also made the sign of a swastika in the air. Student was reported to Scrogin, but without action taken against him.

(15) Late November 2008 Davies had two meetings with Scrogin (an unannounced observation and a post observation meeting), after which Davies receives a letter saying she will not be paid for days off.

(16) Davies calls the police because a student had threatened her, saying that his mother would shoot her and that he himself would "clap the shit out of her." The next day Asst. Principal Luke Bauer appears at Davies' class for an unannounced observation. Scrogin tells Davies that she was insubordinate for contacting the police after the threat was made to her. and if she did it again it would be grounds for termination. Kevin Magee, the union chapter chairperson at EBA, told Davies that she was allowed to contact the police.

(17) A student calls Davies a "racist" and threatens to report her to Scrogin.

(18) In a drama class, a student pushes past Davies violently, bending her wrist back.

(19) A student "humps" a table he had lifted up, simulating a sexual act, in an act of intimidation against Davies.

(20) December 2, 2008 A student tells Davies, "go ahead whip it out I love sex...I've not had it for a while." The student goes on to tell her, "You're going to get fired like Ms. Josephson," "They don't like you down there." "All I want to do is bang bad."

(21) Another student calls Davies "a fucking pansy."

(22) December 4. 2008 A student calls Davies a "retard" and uses the "f" word several times in Davies' presence. The student also videotapes (using her cell phone) another student performing a simulated sexual act on Davies.

(23) December 9, 2008 Two students used a computer program with voice modulation to say to Davies:
(a) "Fuck Ms. Davies" (b) "Suck it" (c)"Cunt" (d)"Ms. Davis needs a shower" (e) "She smells" (f) "You've got a fat British ass" (g) "She smells like British fanny" (h)"You are a bloody whore" (i) "I am hot for you" (j)"Suck my nuts" (k) "No one believes your bum ass" (l) "I'll take your virginity" (m) "Do you like it in the butt?" (n)"Do you fart?"(o) "I heard you had diaper rash" (p) "What size diaper do you wear?" (q) "Did you fuck MJ when he was black?" (r)One student tears a piece of paper out of Davies' hand and pointing to a picture says, "Is that Ms. Davies' vagina?" (s) The student then tore the paper and shredded it on top of Davies' head.

(24) Leah Hooper (from Teaching Matters Inc.) and Humberto Acosta (one of the techs) witness this incident Davies calls down to the main office, as well as to the dean, School Safety, and all administrators, but nobody came to her aid.

(25) December 10. 2008 After the computers had to be shut down from the events of the previous day, Davies receives a letter from Scrogin chastising Davies for the events of that day.

(26) In one of the 9th grade drama classes, two students begin to fight Davies attempts to stop them, but when it got too violent, Mike Morel (last year's UFT chapter chairperson at EBA) came in and broke it up.

(27) Scrogin informs Davies that there were three complaints made about her to the Office of Special Complaints. Davies was unaware of complaints having been made about her.

(28) Without any basis therefore, Scrogin chastises Davies for "making physical contact with students" concerning an incident where Davies extended her arm to prevent a student from leaving.

(29) December12.2008 Students misbehave and Scrogin admonishes Davies for student misbehavior, writing "This incident, like many others we

have discussed this year could possibly be avoided with better classroom management." Scrogin's letter ended with a threat of termination.

(30) Davies receives a second letter from Scrogin on that same day regarding the 12/4/08 cell phone recording depicting acts of sexual intimidation against her. Scrogin wrote "You are reporting acts of a sexual nature against our students and they are not in fact occurring."

(31) December 15, 2008 One of the students tells Davies to "Shut the fuck up" and threw a workbook at her.

(32) December 18, 2008 Unannounced observation by Scrogin, which was not preceded by a pre-observation (10th grade English class in the library)

(33) December 2008 A student bends back Davies' hand, twisting her wrist and bruising three fingers. Davies pressed charges, and was issued a two-year order of protection against him (convicted of 2nd degree harassment).

(34) December 19.2008 Letter from Scrogin threatens termination of Davies' employment.

(35) Student tells Davies' she "smells of ass."

(36.) Late December 2008 Scrogin asks students to write down what they did not like about Davies' class.

(37.) December 22. 2008 Letter from Scrogin concerning meeting her on 12/23/08 for post-observation regarding the formal observation on December 19.

(38) Scrogin calls her observation of Davies, "The worst I have seen in 12 years." She threatens to fire Davies and pull her New York State license. She tells Davies to participate in Pip Plus (10 week Peer Intervention Program), which would be followed by a §3020-a hearing. She went on to state that if there was no improvement after the program; she would pursue her termination in the Spring.

(39) December 23. 2008 Another meeting with Scrogin. Scrogin keeps Davies waiting outside her office at almost every meeting, making her

wait for twenty minutes. At this particular meeting which began almost a half an hour late, Scrogin's tone was rude and hostile, and her voice was often raised. She said three times loudly, "We are going to be firing you." Davies said that her ear was bothering her and that it was hard to hear her. Scrogin then moved her chair closer and shouted. Davies told Scrogin that her shouting was hurting her ear. She also informed by Scrogin Davies would re-observe her on January 7th.

(40) Scrogin further chastises Davies on other matters ranging from Davies' discussion of charitable acts at Christmas to Davies' responsibility to know that one child's father had died.

(41) January 9, 2009. More student abuse suffered by Davies. (a) In a 9tb grade drama class:
One student tells Davies, "Fuck off you bitch." (b) Another student tells Davies, "Go blow your butt if you can reach," (c) "Blow me," (d) "Shave your pussy," (e) "Go blow someone," and (f) "You're a bitch." (g) Another student screams loudly at Davies, threw two paper balls at her, followed her around the room, and laughed in her face.

(42.) January 12.2009 Formal observation by Scrogin. Letter to meet with Scrogin on January 14tb.

(43.) January 15.2009 PIP Plus -after her observation Davies was told, "I think we can resolve this, you seem to have an affinity for students."

(44). January 21. 2009 Davies is "jostled" by two students on the 4th floor coming out of the room, after which her back hurt.

(45)January 22. 2009 PIP Plus observation.

(46) March 5. 2009 Asst. Principal Bauer accuses Davies of starting a "race riot" during her coverage of two physical education classes. Davies stopped a dodge ball game due to fighting, but it persisted. She sent some students for help, called the main office twice on her cell phone because the phone box in the room was locked, and poked her head into the hallway to call for help. Several teachers and school safety came, but no administration responded until much later.

11

(47) March 17. 2009 Asst. Principal Bauer meets with Davies and chastises her for lack of classroom management with respect to the dodge ball altercation.

(48) March 18. 2009 Letter from Asst. Principal Bauer stating that Davies' ability to control a classroom is "ineffective."

(49) May 4. 2009 Upon arriving at work, Scrogin demands that Davies hand over her keys and computer, and escorts her to retrieve her personal belongings. She handed her a letter which stated that there was an allegation against her. She had to go to the Department of Education building in Brooklyn whereupon she learned that the "allegation" was that of incompetence. She was then sent to a temporary reassignment center (commonly referred to as the "rubber room".)

22. For each of the events involving students the plaintiff filed an incident report.

23. At the end of the 2008-2009 academic year, the plaintiff received an unsatisfactory annual performance review with no less than 45 items of documentation.

24. Plaintiff was observed an unprecedented 24 times.

25. Defendant Scrogin exacerbated the relationships that the Plaintiff had with the children by failing to intervene and discipline the children using the Chancellor's Code of Discipline, and thereby incited and empowered the children to misbehave.

**26. _The conduct on the part of the defendant Scrogin was willful and malicious._**

27. The defendant Scrogin has perpetrated this conduct on other employees who have suffered serious physical conditions or were pregnant, at least one of which has resulted in a prior Federal action for violation of the FMLA.

## FOR A FIRST SEPARATE AND DISTINCT CAUSE OF ACTION FOR RETALIATION AGAINST THE DEFENDANT DEPARTMENT OF EDUCATION

27. 26 U.S.C. § 2615 sets forth the following as prohibited acts
**(a) Interference with rights**
**(1) Exercise of rights**
It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.
**(2) Discrimination**
It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.
**(b) Interference with proceedings or inquiries**
It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual-

(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;
(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
(3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

28. Immediately after the Plaintiff took leave under the FMLA, upon her return the conduct above described to place.

29. Said conduct was a violation of § 2615 aforesaid.

30. As a result of that conduct, the plaintiff was injured

13

31. Plaintiff claims damages as set forth in 26 U.S.C § 2617.

## FOR A SECOND SEPARATE AND DISTINCT CAUSE OF ACTION FOR RETALIATION

32. Plaintiff repeats and realleges each and every allegation in paragraphs 1-30 with the same force and effect as if herein more fully set forth.

33. The defendant Sarah Scrogin is personally liable to the plaintiff for her conduct under the statute.

34. The conduct of defendant Scrogin was willful

WHEREFORE, the Plaintiff requests compensatory damages and punitive damages, as well as damages for pain and suffering as a jury may determine, together with injunctive relief prohibiting the continuation of the conduct described aforesaid, together with the costs of the action, including reasonable attorney's fees as provided by law.

Dated: Bronx, New York

August 9, 2010

_____
EDWARD H. WOLF (EHW0656)