10 CV 5981 (RA)(GWG)

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

NAOMI DAVIES,

Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; SARA
SCROGIN,

Defendants.

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### GLASS KRAKOWER LLP

Attorneys for Plaintiff
100 Church Street, 8th Floor
New York, NY 10007

Bryan D. Glass, Esq.
Tel: 212-537-6859

REPRODUCED ON RECYCLED PAPER

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
NAOMI DAVIES,

                        Plaintiff,

     -against-

CITY OF NEW YORK, NEW YORK CITY          10 Civ. 5891 (RA)(GWG)
DEPARTMENT OF EDUCATION; and SARA
SCROGIN,                            **Oral Argument Requested**

                        Defendants
-----------------------------------------------------------x

## **PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

### **PRELIMINARY STATEMENT**

Plaintiff Naomi Davies, a tenured English teacher who was employed by the New York City Department of Education (NYCDOE) and who has been ordered to be reinstated to her employment by New York State Supreme Court justice Manuel Mendez after an Article 75 state court proceeding, submits this memorandum of law in opposition to Defendants' motion for summary judgment, in order to explain that there are numerous triable issues of material fact regarding her retaliation claims under the Family Medical Leave Act (FMLA) that warrant a trial before a jury in this case.

Under existing law in this Circuit, Plaintiff clearly has a triable retaliation cause of action based on the fact that she had an absolutely clean and satisfactory performance record for more than 20 years of teaching until she was forced to take various medical leaves at her new school, the East Bronx Academy for the Future (EBA), based on the hostile treatment she was enduring from her out of control students, including being repeatedly physically and sexually assaulted

1

and injured by her students. Despite taking a medical leave and then an FMLA leave, and after filing dozens of incident reports regarding student misbehavior, the school administration failed to adequately address her complaints and even wrote her up for excessive absenteeism upon her return from approved medical leave in January 2008. In addition, shortly after she returned to her duties from the medical leave, she was subject to a barrage of criticism about her teaching performance by the school administration commencing in January 2008, including being written up 42 times over the next year and a half as an incompetent teacher, and for various alleged disciplinary infractions. In May 2009, the Defendants turned this deluge of unwarranted write-ups and unsatisfactory observations into an overwhelming array of Section 3020-a disciplinary charges and specifications against her, which were eventually almost entirely rubber stamped by a hearing officer/arbitrator selected without her input by the NYCDOE and UFT in upholding her termination, in the hearing officer's decision dated December 18, 2010. *See Section 3020-a procedure,* annexed as Exhibit 1 to accompanying Declaration of Bryan D. Glass (Glass Declaration).

However, upon appeal of the hearing officer's decision to New York State Supreme Court via an Article 75 state court vacatur proceeding, Justice Manual Mendez found the hearing officer's termination decision to be shocking to the conscience and ordered that Ms. Davies be reinstated to her position with a lesser penalty, by decision, dated June 14, 2012. *See* Justice Mendez's decision, Index No. 100349/11, annexed to Glass Declaration as Exhibit 2. This decision is presently being appealed by Defendants, who have not yet even perfected the appeal of Justice Mendez's decision for more than 6 months, with the clear intention to keep Plaintiff from returning to work by invoking an automatic stay of Justice Mendez's decision. To date,

2

Plaintiff has not been able to return to work pending the Defendants' appeal of Justice Mendez's decision.

Under these circumstances, given the vacatur of the hearing officer's termination decision, and the fact that Plaintiff had a completely clean disciplinary record before she took her medical leaves in the fall of 2007 and her return to school in January 2008, there is a clear inference of FMLA retaliation by Defendants against Plaintiff that warrants a jury trial on her claims based on the timing of events, as explained in further detail herein. On these issues, the Court also should allow Plaintiff's FMLA retaliation claim to proceed to trial.

3

## ARGUMENT

### POINT I

### THERE SHOULD BE A JURY TRIAL ON PLAINTIFF'S FMLA RETALIATION-BASED CLAIMS.

In *Burkybile v. Board of Education of the Hastings-on-Hudson Union Free School District*, 411 F.3d 306 (2d Cir.), *cert. denied*, 546 U.S. 1062 (2005), the Second Circuit Court of Appeals considered the collateral estoppel effect of a Section 3020-a disciplinary trial against a pedagogue and found that a pedagogue could not litigate retaliation charges after being terminated after disciplinary charges in a Section 3020-a hearing. The Court held that the "Section 3020-a hearing is an administrative adjudication that must be given preclusive effect." *See id.* (citing *University of Tennessee v. Elliott*, 478 U.S. 788 (1986)). While Plaintiff recognizes the holding in *Burkybile,* this case is distinguishable and unusual because a State Supreme Court Justice has vacated the Hearing Officer's finding of termination in this case, and there is a clear inference of retaliation based on the timing of events herein. *See Theresa Reel v. NYCDOE*, 09 Civ. 7322 (S.D.N.Y.) (reported settlement of $450,000 for teacher retaliated by school administration against after reporting being sexually and physically abused at the school); *Donnelly v. Greenburgh Central School District No. 7,* 11 CV 2448 (August 10, 2012) (citing *Cosgrove v. Sears, Roebuck & Co.*, 9 F.3d 1033 (2d Cir. 1993) (allowing FMLA retaliation claim to proceed to trial and denying summary judgment). The material facts herein should allow Plaintiff's retaliation claims to proceed to trial.

Clearly, there is a triable issue of fact on the Plaintiff's retaliation claim—*i.e,* the disciplinary charges and the 3020-a proceeding were brought falsely against Plaintiff based on unlawful retaliatory motives. *See Ibok v. Securities Industry Automation Corp.*, 389 Fed. Appx. 210 (2d Cir. 2010) (plaintiff need only show that a retaliatory motive played a part in the alleged

4

adverse employment action, even if it was not the sole cause); *Morey v. Somers Central School District*, 2007 WL 867203 (S.D.N.Y. 2007) (substantiation of charges not inconsistent with finding that defendants were retaliated in some part by retaliation); *Saunders v. NYCDOE et al.*, 2010 WL 2985031 (E.D.N.Y. July 20, 2010), at *8 ("whether a retaliatory motive played some part in motivating these adverse actions, is not precluded and remains a genuine dispute of a material fact raising an issue for trial", and denying DOE's motion for summary judgment on retaliation claim after teacher received four month suspension in Section 3020-a proceeding); *Jeter v. NYCDOE,* 2012 WL 2885140 (E.D.N.Y. July 13, 2012) (denying DOE's motion for summary judgment on Title VII retaliation claim after guidance counselor was found guilty of a few specifications by hearing officer in Section 3020-a proceeding).

While Plaintiff acknowledges that the Hearing Officer sustained incompetency-based specifications against her, this does not preclude a triable issue of fact on Plaintiff's retaliation claim. *See Saunders v. NYCDOE*, *supra* (allowing retaliation claim to proceed to trial despite teacher receiving four month suspension after 3020-a case); *Jeter v. NYCDOE*, *supra* (allowing retaliation claim to proceed to trial despite several specifications being sustained against Plaintiff). It also must be acknowledged that the incompetency based specifications were based on nothing more than subjective self-serving observations initiated by the very administrators who sought to terminate Plaintiff's employment. Plaintiff never received a single written unsatisfactory observation from school administration *before* she took the medical leave of absence, nor any write-ups or observations whatsoever, until her return from leave in January 2008, after more than 20 years of satisfactory and discipline-free teaching.

Under these circumstances, there is a logical causal and inferential connection between Plaintiff's medical leaves and the adverse actions she suffered thereafter by the school

5

administrators after she took and returned from the medical and FMLA leave. *See Fierro v. City of New York, NYCDOE*, 591 F.Supp.2d 431 (S.D.N.Y. 2008) ("[t]emporal proximity is strong circumstantial evidence of improper intent"). As Plaintiff explained in her deposition, included as a joint exhibit to this summary judgment motion as agreed to by the parties, and in her accompanying Declaration, annexed as Exhibit 3 to the Glass Declaration, Plaintiff only started to receive any criticism about her teaching skills and performance after returning from a medical leave in January 2008, and filing numerous incident reports about student misbehavior that went unaddressed by administration. *See, e.g.*, Davies Deposition Tr. 87 (referencing 80 incident reports filed by Plaintiff with the school). For these reasons, this case is remarkably similar to the Theresa Reel case cited above (another teacher who also was retaliated against for filing incident reports of student misbehavior, including sexual and physical assaults, to school administration) and therefore the summary judgment motion should be denied and the retaliation based claims must proceed to trial.

It also must be finally noted that contrary to Principal Scrogin's representation in her affidavit, Plaintiff has no idea whether two teachers took FMLA leave and received satisfactory ratings, as Defendants notably fail to reveal the identity of these two teachers. As set forth in her accompanying Declaration, Plaintiff is aware of two other teachers, Jane Lewinter, who tried to take leave and was denied by the principal on or about the same school year, who has her own pending federal retaliation case against the same school administration, and a probationary teacher, Ruth Perry, who ultimately resigned after being harassed by school administration after taking a pregnancy leave.

6

## CONCLUSION

For the foregoing reasons Plaintiff respectfully requests that the Court issue an order denying Defendants' motion for summary judgment in its entirety, allow this action to proceed to trial on her FMLA retaliation claims, and grant such other and further relief, including reasonable attorneys' fees and costs, as the Court may deem just and proper.

Dated: New York, New York
      February 4, 2013

                    GLASS KRAKOWER LLP
                    Attorneys for Plaintiff Davies
                    100 Church Street, 8th Floor
                    New York, NY 10007
                    (212) 537-6859

By:     /s/
          BRYAN D. GLASS, Esq.

7