

N.Y.S.D. Case # 10-cv-5981(RA)

13-1648-cv

Davies v. New York City Department of Education, et al.,

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

**MANDATE**

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 25th day of April, two thousand fourteen.

Present:    Ralph K. Winter, Jr.,
            Barrington D. Parker, Jr.,
            Peter W. Hall,

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: June 12, 2014

                         *Circuit Judges*,
_____

Naomi Davies,

            *Plaintiff-Appellant*,

            v.                                                          13-1648-cv

New York City Department of Education, Sarah Scrogins, Personally, as Principal of the East Bronx Academy for the Future,

            *Defendants-Appellees*.
_____

FOR APPELLANT:            BRYAN DAVID GLASS, Glass Krakower, LLP, New York, New York.

FOR APPELLEES:            DONA B. MORRIS, Assistant Corporation Counsel of the City of New York, New York, New York.
_____

Appeal from a judgment and order of the United States District Court for the Southern District of New York (Abrams, J.).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Naomi Davies filed suit against the New York City Department of Education ("NYCDOE") and Sara Scrogin, the Principal of the East Bronx Academy for the Future, alleging that Appellees retaliated against her for taking leave pursuant to the Family and Medical Leave Act of 1993, 20 U.S.C. § 2601 *et seq.* ("FMLA"). Davies appeals from the district court's award of summary judgment in favor of Appellees. We review an award of summary judgment *de novo*. *Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 101 (2d Cir. 2010). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

"The FMLA gives eligible employees an 'entitlement' to twelve workweeks per year of unpaid leave '[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee.'" *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 174 (2d Cir. 2006) (quoting 29 U.S.C. § 2612 (a)(1)(D)). After taking leave under the FMLA, the employee has the right to return to the position that she held before taking leave or to an equivalent position. *Id*. "The FMLA creates a private right of action to seek both equitable relief and money damages against any employer (including a public agency) in any Federal or State court of competent jurisdiction." *Id.* (internal quotation marks omitted).

FMLA retaliation claims are analyzed pursuant the burden-shifting framework of *McDonnell Douglas Corp., v. Green*, 411 U.S. 792 (1973). *See, e.g., Potenza v. City of New York*, 365 F.3d 165, 167-68 (2d Cir. 2004) (*per curiam*). To establish a prima facie case of

retaliation Davies must show that (1) she exercised rights protected under the FMLA, (2) she was qualified for her position, (3) she suffered an adverse employment action, and (4) the adverse employment action occurred under circumstances giving rise to an inference of retaliatory intent. *See id*. at 168. If Davies establishes a prima facie case, then the burden shifts to Appellees to articulate a legitimate, non-discriminatory reason for its actions. *McDonnell Douglas*, 411 U.S. at 802. "Upon such a showing, the defendant must demonstrate legitimate reasons for its actions, whereupon the plaintiff bears the burden of showing that the defendant's explanations are pretext for the true discriminatory motive." *Van Zant v. KLM Royal Dutch Airlines*, 80 F.3d 708, 714 (2d Cir. 1996).

The district court concluded that Davies had failed to proffer evidence sufficient to allow a reasonable trier of fact to find that the NYCDOE's non-discriminatory reason for the employment action—her poor performance—was mere pretext. We agree.

Davies began teaching at the East Bronx Academy ("EBA") in September 2007. She took FMLA leave from December 1, 2007 to January 22, 2008. Davies claims that upon her return to the EBA, the school administration retaliated against her by removing her from her previously-assigned classroom, ignoring her complaints regarding disruptive students, and subjecting her to intense scrutiny and evaluation.

The parties do not dispute that Davies exercised her rights under the FMLA and was qualified for her position. They dispute that she suffered an adverse action. We have previously held that "[f]or purposes of the FMLA's anti-retaliation provision, a materially adverse action is any action by the employer that is likely to dissuade a reasonable worker in the plaintiff's position from exercising his legal rights." *Millea v. Metro-North R.R. Co*., 658 F.3d 154, 164 (2d Cir. 2011); *see also Galabya v. New York City Bd. of Educ*., 202 F.3d 636, 640 (2d Cir.

3

2000) (stating that an adverse employment action is a "'materially adverse change' in the terms and conditions of employment"). "[P]etty slights, minor annoyances, and simple lack of good manners will not give rise to actionable retaliation claims." *Millea,* 658 F.3d at 165 (internal quotation marks omitted) (noting that "[a] formal reprimand issued by an employer is not a 'petty slight,' 'minor annoyance,' or 'trivial' punishment; it can reduce an employee's likelihood of receiving future bonuses, raises, and promotions, and it may lead the employee to believe (correctly or not) that his job is in jeopardy"). "Such a change 'might be indicated by a termination of employment, a demotion evidenced by a decrease in wage or salary, a less distinguished title, a material loss of benefits, significantly diminished material responsibilities, or other indices . . . unique to a particular situation.'" *Weeks v. New York State (Div. of Parole)*, 273 F.3d 76, 85 (2d Cir. 2001), *abrogated on other grounds by Nat'l R.R. Passenger Corp., v. Morgan*, 536 U.S. 101 (2002).

    The EBA's reassignment of Davies and purported failure to respond to her complaints do not rise to the level of a materially adverse action. As for the EBA's unfavorable ratings of Davies's classroom conduct and unsatisfactory annual performance ratings, we will assume *arguendo*, those actions rise to the level of a materially adverse action.

    Next, Appellees must articulate a legitimate non-discriminatory reason for the employment action. Appellees contend that the negative classroom evaluations were the result of Davies's poor performance. As evidence of Davies's poor performance, they point to the EBA's numerous unsatisfactory ratings of Davies's classroom conduct and complaints from students and teachers regarding Davies's performance from March 2008 to April 2009. The Appellees have met their burden.

Appellees having met their burden, the burden shifts to Davies to offer admissible evidence from which a reasonable jury could conclude that the Appellee's legitimate non-discriminatory reason for the employment action was pretext.  In response, however, Davies does not challenge the substance of the unsatisfactory evaluations.  Instead, she claims that for the past twenty years she has had a sterling performance record and the EBA's timing and close scrutiny of her performance is circumstantial evidence that the EBA was deliberately developing a case against her.  Davies cannot use her past performance to shield her from two years of unsatisfactory performance evaluations.  As for the timing and frequency of her performance reviews, the EBA conducted its first formal observation of Davies's class on March 6, 2008.  It subsequently continued to observe her classroom performance to evaluate whether she was implementing recommendations for improvement, but Davies continued to perform poorly and received an overall unsatisfactory rating for the 2007-2008 and the 2008-2009 school years.  We have been clear that temporal proximity between protected activity and an adverse employment action, alone, is insufficient to establish pretext, and nothing about the timing and number of evaluations suggests a retaliatory intent as opposed to normal oversight of a less-than-satisfactory teacher.  *El Sayed v. Hilton Hotels Corp.*, 627 F.3d 931, 933 (2d Cir. 2010) ("[W]ithout more, . . . temporal proximity is insufficient to satisfy appellant's burden to bring forward some evidence of pretext."); *Ben-Levy v. Bloomberg, L.P*., 518 F. App'x 17, 19 (2d Cir. 2013) (applying *El Sayed* rule to FMLA case).  Without more Davies fails to meet her burden.

5

We have considered Davies's remaining arguments and conclude they are without merit.

Accordingly, the district court's judgment is **AFFIRMED**.

FOR THE COURT:  
Catherine O'Hagan Wolfe, Clerk

A True Copy  
Catherine O'Hagan Wolfe, Clerk  
United States Court of Appeals, Second Circuit